IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN RAMON MOSBY #327-278
    Plaintiff                               :

                v.                   :       CIVIL ACTION NO. CCB-11-2078

CHERYL GUNTER LPN            :
    Defendant

## MEMORANDUM

This 42 U.S.C. § 1983 prisoner civil rights action filed on July 28, 2011, seeks damages and alleges that Cheryl Gunter, a licensed practical nurse employed by the contractual health care provider at Maryland's Eastern Correctional Institution ("ECI"), stole his anti-psychotic medication, Geodon,[1] on several occasions beginning on July 18, 2010, causing plaintiff to suffer a psychotic episode on July 28, 2010. Defendant has filed a dispositive motion construed as a motion for summary judgment. ECF No. 17.

In an order dated December 7, 2011, the undersigned indicated that despite plaintiff's assertion to the contrary, it was unlikely that the sole named defendant "stole" his psychotropic medication. As then noted, the more significant question is why the medication was unavailable for an extended period of time despite the fact that it had been prescribed for plaintiff's use. The court provided plaintiff an opportunity to file an opposition response and an amended complaint to include proper party defendants. ECF No. 21. An opposition response has been received,[2]

---

[1] According to the manufacturer, Geodon is a prescription medicine used to treat acute manic or mixed episodes associated with bipolar disorder. It is also used as maintenance treatment of bipolar disorder when added to lithium or valproate (Depakote®) and to treat schizophrenia. *See* https://www.geodon.com/about-geodon.aspx?source=msn&HBX_PK=s_geodon+what+is&HBX_OU=52&o=23060100/165867612/0&skwid=437 00003083542968.

[2] Plaintiff has responded to Defendants' dispositive motion but has failed to provide any affidavit, even his own, to contradict defendant's version of events. Although a court may treat a verified complaint as an affidavit for purposes of summary judgment, plaintiff's complaint has not been verified. *See Williams v. Griffin*, 952 F.2d 820,

ECF No. 22, making this case ready for dispositive review.[3]  Upon review of papers filed, the

court finds an oral hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2011).

## Background

Plaintiff, an inmate currently confined at North Branch Correctional Institution ("NBCI"),

alleges that from July 18, 2010 through July 28, 2010, while confined at ECI, he was denied

prescribed antipsychotic medication because defendant Gunter, a licensed practical nurse, "stole"

it to cause him harm in retaliation for his complaints that she should wear latex gloves while

dispensing medications.   Plaintiff seeks money damages and claims that deprivation of the

medication caused him to suffer a psychotic episode during which he was subdued by force and

bitten by a police dog.[4]

In her affidavit, defendant states that plaintiff was housed on ECI's east wing from July 1

to July 28, 2010, and was required to report to the pharmacy window to get medications.  During

that month, defendant worked four days and was responsible for administering medication to east

wing prisoners on July 12 and July 18.  Defendant states that on July 12, 2010, plaintiff refused

to take his prescribed medication, Geodon.  On July 17, 2010, plaintiff did not show up to

receive his medication.  On July 18, 2010, plaintiff showed up, but could not receive Geodon

because it was not available.  The dispensary apparently had run out of the medication which,

because it was "non-formulary," could only be reordered by a staff psychiatrist employed by the

mental health services contractor.  It became available again on July 31, 2010.  ECF No. 17,

---

823 (4th Cir. 1991).  Any other documents the party submits may not be considered on a motion for summary
judgment unless they are authenticated by either an affidavit or deposition.  *See Orsi v. Kirkwood*, 999 F. 2d 86, 92
(4th Cir. 1993). Plaintiff was given notice of his rights and responsibilities in accordance with the requirements of
*Roseboro v. Garrison.  See* 528 F. 2d 309, 310 (4th Cir. 1975); *see also* ECF No.  18.

[3] Plaintiff has not filed an amended complaint naming additional party defendants.

[4] Plaintiff's claim of excessive use of force against corrections staff is before the court in *Mosby v. Thorne, et al.*,
Civil Action No. CCB-11-2057 (D. Md.).

Exhibit A (affidavit) and Exhibit B (related medical records).

In response, plaintiff asserts that defendant deliberately withheld his Geodon because he complained that she violated policy by failing to wear latex gloves to dispense medication.  He implies that the prison psychiatrist would not have gone on vacation before renewing the order for the medication and thus, defendant must have stolen the medication, because "[w]here could it have gone?"  ECF No. 22 at 3.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002).  The court

must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).    Further, "w[]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."    *Scott v. Harris*, 550 U.S. 372, 380 (2007) (video tape  utterly discredited plaintiff's version of the facts).

## Analysis

In alleging a denial of his Eighth Amendment right to necessary medical care, plaintiff must prove two essential elements. First, he must satisfy the "objective" component by illustrating a serious medical condition.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998).  If he proves this first element, he must then prove the second "subjective" component of the Eighth Amendment standard by showing deliberate indifference on the part of defendants.  *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  Medical personnel "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference."  *Id.* at 837.  Medical staff are not, however, liable if they "knew the underlying facts

but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id*. at 844; *see also Johnson v. Quinones*, 145 F.3d at 167.

The parties do not dispute that Geodon was prescribed to treat plaintiff's psychosis, nor do they dispute that it was not provided to plaintiff for several weeks during the latter part of July, 2010.  ECF No. 17, Exhibit B at 4 (Medical Record of July 29, 2010, completed by David M. Mathis, MD).  The parties also do not dispute that plaintiff engaged in an altercation on July 28, 2010, at which time he was subdued by corrections staff and bitten by a police dog.[5]  *Id*., Exhibit B at 3 (Medical Record of July 28, 2010, completed by Maryam Messforosh, PA).  Defendant's affidavit and the medical record reveal that the medication was unavailable.  It appears the medication was not reordered in a timely fashion.  While such oversight may have been negligent, it does not amount to deliberate indifference under the Eighth Amendment and cannot be imputed to the sole named defendant in this case.

Plaintiff's claim that defendant, who had minimal contact with plaintiff during the month of July, 2010, kept the medication from him as a retaliatory tactic is not borne out by the record. For these reasons a separate order shall be entered granting summary judgment in defendant's favor and closing this case.


<u>March 14, 2012</u>                    _____/s/_____
Date                                     Catherine C. Blake
                                         United States District Judge

---

[5] Whether the altercation was sparked by a psychotic episode occasioned by the lack of Geodon is not dispositive of the question of defendant's involvement in failing to dispense the medication.